# In the United States Court of Appeals for the Fifth Circuit

No. 24-60650

STARBUCKS CORPORATION,

PETITIONER/CROSS-RESPONDENT,

*v.*

NATIONAL LABOR RELATIONS BOARD,

RESPONDENT/CROSS-PETITIONER.

**UNOPPOSED JOINT MOTION BY INTERVENOR AND PETITIONER/CROSS-RESPONDENT FOR EXTENSIONS OF TIME TO FILE INTERVENOR BRIEF AND REPLY BRIEF**

Pursuant to Federal Rule of Appellate Procedure 26(b) and Fifth Circuit Rules 26.2 and 31.4.4, Petitioner/Cross-Respondent Starbucks Corporation and Intervenor Workers United hereby move for an extension to the briefing schedule, such that Workers United's intervenor brief will be due December 17, 2025, and Starbucks' reply brief will be due January 7, 2026. In support of the motion, Starbucks and Workers United state:

1.  Petitioner Starbucks submitted its principal brief for review on July 16, 2025, after receiving one unopposed 30-day Level 1 extension and two unopposed 30-day Level 2 extensions, for a total of 90 days.

1

2. Respondent/Cross-Petitioner National Labor Relations Board ("Board") submitted its principal brief for review on November 26, 2025. The Board received one unopposed 30-day Level 1 extension, one unopposed 30-day Level 2 extension, a further 14-day extension on October 6, an additional 14-day extension on October 28, and an additional 14-day extension on November 5, the latter three of which were prompted by the federal government shutdown, for a total of 102 days.

3. Pursuant to Fifth Circuit Rule 31.2, Workers United's intervenor brief is due December 3, 2025. Pursuant to Federal Rule of Appellate Procedure 31(a), Starbucks' reply brief is due December 17, 2025. Oral argument has not been scheduled.

4. Workers United requests a 14-day Level 1 extension of time to file its intervenor brief. Workers United requests the shortest extension it can feasibly make in order to sufficiently address this case's many issues and the previous submission. If granted, the brief would be due December 17, 2025. Intervenor has not made a previous request for an extension of time, and if this request is granted, does not anticipate any further requests.

5. The extension is necessary as the result of the Board's briefing in this matter being delayed into late November, which itself was caused by the

federal government shutdown. This ultimately placed the due date for Workers United's brief in the same period as many other pressing obligations. In addition to other ongoing work requirements, counsel within the last week was engaged represent defendant and was served with a Summons and Complaint that requires an urgent response in *Eckert v. Ford Motor Company et al.*, 25-cv-010169 (W.D.N.Y.). Counsel is also engaged as defendant counsel and must submit a response to a motion for summary judgment in *Kellar et al. v. County of Erie et al.*, 24-cv-00260 (W.D.N.Y.) on December 5, 2025 and is representing plaintiffs-appellants in *Gregg et al. v. Community Care Companions Inc.*, CA 25-00643 (N.Y. Appellate Division, Fourth Department), in which an oral argument is scheduled for December 9, 2025. These obligations will impair the ability of Workers United's counsel to prepare their answering brief by the current December 3 deadline.

6. In addition, the matter is complex and substantively dense, concerning dozens of instances of alleged violations of the National Labor Relations Act over a substantial period. Starbucks' opening brief comprised 68 pages and the Board's brief, filed November 26, comprised 66 pages, with both submissions warranting multidimensional responses from Workers United.

7. If the Court grants an extension to file the intervenor brief but not the reply brief, Starbucks' reply brief will be due on December 17, 2025, the same day as the proposed new deadline for the intervenor. In that scenario, Starbucks would have no opportunity to review and respond to the intervenor brief in its reply brief. The requested extension for the intervenor brief thus warrants extension of the deadline to file the reply brief.

8. Starbucks' counsel are also facing several significant commitments during the current briefing period. Those include preparation for upcoming oral arguments in *Starbucks v. NLRB*, No. 24-60500, and *Starbucks v. NLRB*, No. 24-60516 (5th Cir.), on December 2, 2025, and *United States v. Goldstein et al.*, Nos. 24-2509, 24-2513, 24-2514, 24-2523 (2nd Cir.), on December 11, 2025. The commitments also include briefing deadlines for a Petition for Permission to Appeal due on December 1, 2025, in *MGA Entertainment, Inc. v. Harris*, No. 2:20-cv-11548 (C.D. Cal.); a Petitioner's Brief due on December 4, 2025, in *Hunter v. United States*, No. 24-1063 (U.S.); and a Response Brief due on December 10, 2025, in *VIP Products, LLC v. Jack Daniel's Properties, Inc*, No. 25-2027 (9th Cir.).

9. Starbucks acknowledges that Workers United is requesting only a 14-day extension for its brief. But a corresponding 14-day extension of time

to file the reply brief would make that brief due on December 31, and counsel will be traveling for the holidays. Accordingly, Starbucks requests a 21-day extension such that Starbucks' reply brief will be due on January 7, 2026.

10. The overall 35-day extension will not cause prejudice or unduly delay the proceedings.

11. Counsel for the parties have conferred with counsel for the Board, which does not oppose this motion.

WHEREFORE, Starbucks and Workers United respectfully request that this Court grant this motion and enter a new briefing schedule such that Workers United's intervenor brief will be due on December 17, 2025, and Starbucks' reply brief will be due January 7, 2026.

Dated: December 1, 2025

Respectfully submitted,

/s/ Ian Hayes
Ian Hayes
HAYES DOLCE LLP
135 Delaware Ave.
Suite 502
Buffalo, NY 14202
(716) 608-3427

*Counsel for Intervenor Workers United*

/s/ Lisa S. Blatt
Lisa S. Blatt
Amy Mason Saharia
Danielle J. Sochaczevski
Kees D. Thompson
Claire R. Cahill
Sephora D. Grey
WILLIAMS & CONNOLLY LLP
680 Maine Avenue S.W.
Washington, DC 20024
(202) 434-5000
lblatt@wc.com
asaharia@wc.com

5

*Counsel for Petitioner/Cross-Respondent*
*Starbucks Corporation*

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and Fed. R. App. P. 27(d)(2), this document contains 839 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Century Expanded BT, size 14.

*/s/ Lisa S. Blatt*<br>
LISA S. BLATT

**CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the foregoing **UNOPPOSED JOINT MOTION BY INTERVENOR AND PETITIONER/CROSS-RESPONDENT FOR EXTENSIONS OF TIME TO FILE INTERVENOR BRIEF AND REPLY BRIEF** was filed with the Clerk's Office for the United States Court of Appeals for the Fifth Circuit using the electronic CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Lisa S. Blatt*
LISA S. BLATT