# In the United States Court of Appeals for the Fifth Circuit

―――――――――――

No. 24-60650

STARBUCKS CORPORATION,
PETITIONER/CROSS-RESPONDENT,

*v.*

NATIONAL LABOR RELATIONS BOARD,
RESPONDENT/CROSS-PETITIONER.

**UNOPPOSED MOTION BY PETITIONER/CROSS-RESPONDENT
FOR ADDITIONAL ORAL ARGUMENT TIME**

―――――――――――

Pursuant to Federal Rule of Appellate Procedure 27 and Fifth Circuit Rule 34.12, Petitioner/Cross-Respondent Starbucks Corporation respectfully moves the Court to enlarge oral argument time to 30 minutes per side (or at a minimum 25 minutes per side).  Respondent/Cross-Petitioner National Labor Relations Board (NLRB or Board) and Intervenor Workers United do not oppose this request.  In support of the motion, Starbucks states:

1.     This appeal stems from a petition for review and cross-petition for enforcement of a decision issued by the NLRB on December 24, 2024.

2.     The underlying decision of the Administrative Law Judge (ALJ) was issued on March 1, 2023, following a 24-day trial.  The ALJ's order

1

comprises 110 single-spaced, double-column pages and contains 444 footnotes. The Board's decision, in turn, adopts the ALJ's order in relevant part and adds 24 single-spaced, double-column pages of analysis.

3.     The underlying proceedings involved events that occurred in a Starbucks district comprising 22 different stores in the Buffalo, New York region. The at-issue events occurred over the course of 11 months.

4.     The ALJ found that Starbucks committed well over 120 distinct unfair labor practices across those stores—exponentially more than in typical NLRB cases that this Court considers.

5.     Workers United intervened on appeal.

6.     The record excerpts and appendix together comprise 9,473 pages.

7.     Even after streamlining the issues on appeal, the parties' collective four briefs present approximately 13 distinct liability and remedial issues for resolution by this Court. One of those liability issues—whether Starbucks unlawfully discriminated against union activity by discharging certain employees—involves 7 different discharges.

8.     Oral argument has been scheduled for June 1, 2026, in New Orleans in the East Courtroom (AM session, #44).

9.    Enlarging the amount of oral argument time allotted to 30 minutes per side, or at minimum 25 minutes per side, will ensure that the various distinct and complex issues presented by this appeal may be properly and fully presented to this Court.

10.    The requested relief will impose no unfairness on the NLRB and Workers United.  Because Workers United intervened on the side of the NLRB, those parties must share their allotted 20 minutes, meaning that without an enlargement of time those parties will each have less than the 20 minutes of argument time afforded to a litigant in the normal course.

11.    There is no opposition to this motion.  Workers United stated that it has no objection to the relief requested.  The Board stated that it views the 20 minutes allotted to each side as more than adequate to address the issues in this case, but does not oppose Starbucks' motion.

WHEREFORE, Starbucks respectfully requests that this Court grant this motion and enlarge the time allotted for argument to 30 minutes (or at a minimum 25 minutes) per side.

Dated: April 23, 2026                    Respectfully submitted,

                                         <u>*/s/ Lisa S. Blatt*</u>
                                         Lisa S. Blatt
                                         Amy Mason Saharia
                                         Danielle J. Sochaczevski
                                         Kees D. Thompson
                                         Claire R. Cahill
                                         Sephora D. Grey
                                         WILLIAMS & CONNOLLY LLP
                                         *680 Maine Avenue S.W.*
                                         *Washington, DC 20024*
                                         *(202) 434-5000*
                                         *lblatt@wc.com*
                                         *asaharia@wc.com*

                                         *Counsel for Petitioner/Cross-Respondent*
                                         *Starbucks Corporation*

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS</u>

1.    This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and Fed. R. App. P. 27(d)(2), this document contains 462 words.

2.    This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Century Expanded BT, size 14.

<u>/s/ Lisa S. Blatt</u>
LISA S. BLATT

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing **UNOPPOSED MOTION BY PETITIONER/CROSS-RESPONDENT FOR ADDITIONAL ORAL ARGUMENT TIME** was filed with the Clerk's Office for the United States Court of Appeals for the Fifth Circuit using the electronic CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/ Lisa S. Blatt
LISA S. BLATT