UNITED STATES GOVERNMENT
**NATIONAL LABOR RELATIONS BOARD**

Appellate and Supreme Court Litigation Branch
Washington, D.C. 20570

October 6, 2026

**VIA CM/ECF**

Lyle W. Cayce
Clerk of Court, U.S. Court of Appeals
for the Fifth Circuit
F. Edward Hebert Bldg.
600 S. Maestri Place
New Orleans, LA 70130

Re: *Starbucks Corporation v. NLRB*,
5th Cir. No. 24-60650
Opinion issued September 4, 2026

Dear Mr. Cayce:

On September 17, 2026, the National Labor Relations Board ("the Board") submitted a proposed judgment pursuant to Federal Rule of Appellate Procedure 19 in light of the Court's Opinion partially enforcing the Board's Order. On September 28, Starbucks Corp. ("Starbucks") submitted a responsive letter proposing a number of modifications to the Board's proposed judgment.

The Board does not consider any of Starbucks's proposed modifications to be necessary, but this letter addresses only Starbucks's attempt to use its Rule 19 response to nullify a longstanding remedy that was not challenged below or litigated on review before this Court.

As a standard corollary to backpay, the Board directed Starbucks to make the unlawfully discharged employees whole for "reasonable search-for-work and interim employment expenses." (RE.13, RE.21.) This form of make-whole relief is not novel and was not created by *Thryv, Inc.*, 372 NLRB No. 22 (Dec. 13, 2022), which is the Board decision Starbucks challenged on review. (Opening Br. 55-60.) The Court subsequently held that *Thryv* impermissibly "broke new ground" by expanding make-whole relief to include "all direct or foreseeable pecuniary harms" and "every foreseeable expense incurred by employees." *Hiran Mgmt., Inc. v. NLRB*, 157 F.4th 719, 727 & n.6 (5th Cir. 2025).

Search-for-work and interim-employment expenses, by contrast, "have been factored into back pay awards for more than 80 years." *Lou's Transp., Inc. v. NLRB*, 945 F.3d 1012, 1024 (6th Cir. 2019); *see King Soopers, Inc. v. NLRB*, 859 F.3d 23, 36-39 (D.C. Cir. 2017). Discharged employees have an obligation to mitigate their loss of income by searching for and maintaining comparable interim employment. *Sure-Tan, Inc. v. NLRB*, 467 U.S. 883, 900-01 (1984); *N.Y. Party Shuttle v. NLRB*, 18 F.4th 753, 767 (5th Cir. 2021). Since at least 1938, the Board has sought to make employees whole for employment-related expenses they "would not have incurred had they continued to work for the respondent." *Crossett Lumber Co.*, 8 NLRB 440, 496-98 (1938), *cited with approval*, *NLRB v. Seven-Up Bottling Co.*, 344 U.S. 344, 349-50 (1953).

This standard and essential component of the Board's backpay awards has received universal judicial approval and was not challenged by Starbucks before the Board. *Cf.* 29 U.S.C. § 160(e). Nor did Starbucks challenge such remedy in its briefing to the Court, which instead challenged the "aggressive expansion" of make-whole relief represented by *Thryv*. (Opening Br. 56.) The *Thryv* remedy, requiring make-whole relief for "any other direct or foreseeable pecuniary harms" (RE.17-18, RE.21), has been properly omitted in the Board's proposed judgment in conformance with the Court's Opinion.

As the Court held in *Hiran*, longstanding precedent confirms the Board's authority to order monetary relief "encompass[ing] discrete losses related to an employee's lost wages or benefits … [that] are 'closely tied to the equitable remedy of backpay' and are therefore distinct from ordinary compensatory damages." 157 F.4th at 727. Starbucks did not argue otherwise in this case.

Accordingly, the Court should not adopt Starbucks's suggestion to omit search-for-work and interim employment expenses from the Judgment partially enforcing the Board's Order.

Very truly yours,

/s/ Ruth E. Burdick

Ruth E. Burdick
Deputy Associate General Counsel
National Labor Relations Board
1015 Half Street, SE
Washington, DC 20570

cc: all counsel (via CM/ECF)