# In the United States Court of Appeals for the Fifth Circuit

No. 24-60650

STARBUCKS CORPORATION,
PETITIONER/CROSS-RESPONDENT,

*v.*

NATIONAL LABOR RELATIONS BOARD,
RESPONDENT/CROSS-PETITIONER.

**UNOPPOSED MOTION BY PETITIONER/CROSS-RESPONDENT TO RECALL MANDATE**

---

Pursuant to Federal Rules of Appellate Procedure 40(d)(1) and 41(b), Petitioner/Cross-Respondent Starbucks Corporation respectfully moves the Court to recall the mandate issued in the above-captioned case to enable Starbucks to file its forthcoming petition for rehearing. Respondent/Cross-Petitioner National Labor Relations Board (NLRB or Board) and Intervenor Workers United do not oppose this request. In support of the motion, Starbucks states:

1. On September 4, 2026, the Court issued a decision in this case, granting in part and denying in part Starbucks' petition for review and the Board's cross-application for enforcement. *See* ECF 186.

2. On October 8, 2026, the Court revised its order, entered a judgment, and issued the mandate forthwith. *See* ECF 211, 212, 213.

3. The mandate is premature. Federal Rule of Appellate Procedure 41(b) states: "The court's mandate ***must*** issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. The court may shorten or extend the time ***by order***" (emphases added). Thus, the 7-day waiting period after the time to file a rehearing petition expires is mandatory, unless the Court orders it shortened. The Court did not shorten the time by order here.

4. The time to file a petition for rehearing has not yet expired. Federal Rule of Appellate Procedure 40(d)(1) states: "Unless the time is shortened or extended by order or local rule, any petition for panel rehearing or rehearing en banc must be filed within 14 days after judgment is entered-or, if the panel later amends its decision (on rehearing or otherwise), within 14 days after the amended decision is entered. But in a civil case, unless an order shortens or extends the time, the petition may be filed by any party within 45 days after entry of judgment or of an amended decision if one of the parties is . . . (B) a United States agency."

5. This is a civil case in which a United States agency (the NLRB) is a party, so the 45-day period applies.

6. By the Rule's terms, the period for rehearing runs from entry of "judgment," which occurred in this case on October 8, 2026. Forty-five days from October 8 is Sunday, November 22. But even counting the issuance of the Court's opinion as the relevant date, 45 days from entry of the Court's opinion is October 19, 2026. In either scenario, the period for petitioning for rehearing has not yet expired in this appeal.

7. The Board has long taken the position that, taken together, Rules 40 and 41 establish a 52-day waiting period between judgment and the issuance of mandate in cases where the Board is a party. *See D.R. Horton, Inc. v. NLRB*, No. 12-60031 (5th Cir.), ECF 227 at 3. In that case, the Court granted the Board's motion to recall the prematurely issued mandate. *See id.*, ECF 230.

8. Counsel for Starbucks reasonably understood that the Court's practice in agency appeals is to allow 45 days from issuance of the Court's judgment for filing rehearing petitions. For example, in *Tesla v. NLRB*, No. 21-60285 (5th Cir.), the panel issued its opinion and judgment on March 31,

2023, *see id.*, ECF 152, 153, and Tesla filed its successful rehearing petition 45 days later, on May 15, 2023, *see id.*, ECF 157.

9. The Court should recall the mandate to "prevent injustice." *See* Fifth Circuit Rule 41.2. Starbucks has been diligently preparing to petition for rehearing. In an abundance of caution, Starbucks has been planning to file the petition by October 19—i.e., 45 days from entry of the opinion. Starbucks currently anticipates presenting three principal arguments for rehearing:

a. The panel's affirmance of the Board's conclusions on the claims arising under Sections 8(a)(3) and 8(a)(4) of the NLRA violates *SEC v. Chenery Corp.*, 318 U.S. 80 (1943). The Board's finding of anti-union animus for purposes of the Section 8(a)(3) and 8(a)(4) claims rested on its conclusions under Section 8(a)(1). RE5. This Court denied enforcement of some of the Section 8(a)(1) conclusions. Op. 41. The Court cannot know whether the Board would still reach the same finding of anti-union animus on a narrower set of Section 8(a)(1) violations. The default remedy in that situation is to vacate and remand. The Supreme Court recently granted summary reversal in a case presenting the same

error. *Calcutt v. Federal Deposit Insurance Corporation*, 598 U.S. 623 (2023) (per curiam).

b. The panel's affirmance of the Board's conclusions on the claims arising under Sections 8(a)(3) and 8(a)(4) also conflicts with Fifth Circuit precedent holding that the Board must assess anti-union animus as to the particular decision-maker. *See* Pet. Br. 39-41, 46-48. The Board never engaged in that inquiry and improperly inferred animus in the abstract. *See id.* This approach also tipped the scales against Starbucks, because it allowed the Board to point to events occurring elsewhere as evidence of animus while restricting Starbucks' comparators to employees of the very same store where discipline occurred. *Id.* at 44-46.

c. The panel's affirmance of the Board's conclusions on the solicitation-of-grievance and promising-of-benefits claims under Section 8(a)(1) presents a question of exceptional importance because it threatens to impede employers' operations decisions during union campaigns. Op. 42-43 (Haynes, J., dissenting).

10. It would be unjust to deprive the parties of their opportunity to timely petition for rehearing.

11. The Fifth Circuit has entered similar relief in similar circumstances. For example, in *D.R. Horton, Inc. v. NLRB*, No. 12-60031, the Court entered judgment and then issued the mandate on the same day. *See id.*, ECF 224, 225. Respondent/Cross-Petitioner NLRB moved to recall the mandate, explaining that the mandate should not have issued until "52 days after . . . the day the Court entered judgment," and that the resulting "denial of the opportunity to petition for rehearing" would "work an injustice." *Id.*, ECF 227 at 2-3. Within a week, this Court granted the motion, recalled the mandate, and stayed the mandate until 52 days after issuance of the judgment. *Id.*, ECF 230. The same relief is warranted here.

12. The Board and Union do not oppose this motion.

WHEREFORE, Starbucks respectfully requests that the Court recall the mandate and allow the parties to timely petition for rehearing.

Dated: October 9, 2026

Respectfully submitted,

*/s/ Amy Mason Saharia*
Lisa S. Blatt
Amy Mason Saharia
Danielle J. Sochaczevski
Kees D. Thompson
Claire R. Cahill
WILLIAMS & CONNOLLY LLP
*680 Maine Avenue S.W.*
*Washington, DC 20024*
*(202) 434-5000*
*lblatt@wc.com*
*asaharia@wc.com*

*Counsel for Petitioner/Cross-Respondent*
*Starbucks Corporation*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and Fed. R. App. P. 27(d)(2), this document contains 1,056 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Century Expanded BT, size 14.

*/s/ Amy Mason Saharia*
AMY MASON SAHARIA

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing **UNOPPOSED MOTION BY PETITIONER/CROSS-RESPONDENT TO RECALL MANDATE** was filed with the Clerk's Office for the United States Court of Appeals for the Fifth Circuit using the electronic CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Amy Mason Saharia*
AMY MASON SAHARIA