**No. 24-60650**

**IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT**

STARBUCKS CORPORATION,

*Petitioner/Cross-Respondent*,

v.

NATIONAL LABOR RELATIONS BOARD,

*Defendant/Cross-Respondent*.

ON APPEAL FROM A DECISION OF THE NATIONAL LABOR RELATIONS BOARD, Nos. 03-CA-285671, et al.

# MOTION OF COALITION FOR A DEMOCRATIC WORKPLACE, NATIONAL RETAIL FEDERATION, AND RESTAURANT LAW CENTER FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE* IN SUPPORT OF PETITIONER/CROSS-RESPONDENT

Owen R. Wolfe
*Counsel of Record*
Seyfarth Shaw LLP
620 Eighth Avenue – 32nd Floor
New York, NY 10018
(212) 218-5500
OWolfe@seyfarth.com

Joshua L. Ditelberg*
Bret W. Vetter*
Seyfarth Shaw LLP
233 S. Wacker Drive – Suite 8000
Chicago, IL 60606
(312) 460-5000
jditelberg@seyfarth.com
bvetter@seyfarth.com

**Not admitted to practice in this Court.*

*Counsel for Proposed Amici Curiae*
*Coalition For a Democratic Workplace,*
*National Retail Federation, and Restaurant Law Center*

Pursuant to Federal Rule of Appellate Procedure 29 and Fifth Circuit Rule 29, proposed *Amici Curiae* Coalition For a Democratic Workplace ("CDW"), National Retail Foundation ("NRF"), and the Restaurant Law Center ("RLC") (CDW, NRF, and RLC collectively, "Proposed *Amici Curiae*") move for leave to file the attached brief in support of the Petition For Rehearing *En Banc* ("Petition") submitted by Petitioner/Cross-Respondent Starbucks Corporation ("Starbucks").

Proposed *Amicus Curiae* CDW is a trade organization composed of hundreds of organizations representing millions of businesses that employ tens of millions of workers nationwide in nearly every industry. Its members include national, regional, and state employer associations and businesses ranging from single-worksite employers to companies with integrated multistate operations. They share an interest in a lawful, balanced, and predictable federal labor-relations system.

Established in 1911, Proposed *Amicus Curiae* NRF is the world's largest retail trade association and the voice of retail worldwide. Retail is the largest private-sector employer in the United States. The NRF's membership includes retailers of all sizes, formats, and channels of distribution, spanning all industries that sell goods and services to

consumers. The NRF provides courts with the perspective of the retail industry on important legal issues impacting its members.

Proposed *Amicus Curiae* RLC is the only independent public policy organization created specifically to represent the interests of the food service industry in the courts. The RLC represents a labor-intensive industry comprised of over one million restaurants and other food-service outlets employing about 16 million people—approximately 10 percent of the U.S. workforce. In addition, the RLC represents the interests of its state restaurant association affiliates, many of which have both food service establishments and hotels as members, as well as other hospitality interests. Through amicus participation and first party litigation, the RLC serves as the industry's voice in the judicial system. Further, the RLC offers courts and regulatory agencies with the industry's perspective on significant legal and regulatory issues to ensure that the views of America's restaurants are taken into consideration.

Proposed *Amici Curiae* and their respective members have a significant interest in the outcome of Starbucks' Petition because this Court's underlying decision creates a dilemma with serious implications

for employers throughout this Circuit: What can an employer do when union activity results in it discovering a workplace deficiency that must be corrected to comply an independent legal or contractual obligation, or its preexisting workplace policies or practices?

This question goes to the issue of motive causation versus but-for causation, and the resolution of that question would directly impact Proposed *Amici Curiae*'s respective members. This question is an important point in Starbucks' Petition. *See* Petition (Doc. No. 223) at 10-15. Proposed *Amici Curiae* respectfully submit that their proposed brief will be helpful to the Court in resolving Starbucks' Petition, as Proposed *Amici Curiae* offer a unique perspective on the causation issues presented by the Petition, both from a legal standpoint and in describing the real-world impact of that issue.

Counsel for Proposed *Amici Curiae* have consulted with the parties' counsel. Starbucks consents to this motion and to the filing of the attached *amici curiae* brief. Respondent/Cross-Petitioner National Labor Relations Board ("NLRB") takes no position on the motion or the filing of the brief. Counsel for Intervenor Workers United did not advise Proposed *Amici Curiae* of its position.

Pursuant to Federal Rule of Appellate Procedure 29(a)(4)(E), Proposed *Amici Curiae* state that no counsel for any party authored the proposed brief in whole or in part, and no person or entity, other than *amici curiae* and their counsel, made a monetary contribution intended to fund the preparation or submission of this brief.

Accordingly, Proposed *Amici Curiae* respectfully request that the Court grant leave to file the attached proposed brief.

Dated: October 26, 2026

Respectfully submitted,

*/s/ Owen R. Wolfe*

Owen R. Wolfe
*Counsel of Record*
Seyfarth Shaw LLP
620 Eighth Avenue – 32nd Floor
New York, NY 10018
(212) 218-5500
OWolfe@seyfarth.com

Joshua L. Ditelberg*
Bret W. Vetter*
Seyfarth Shaw LLP
233 S. Wacker Drive – Suite 8000
Chicago, IL 60606
(312) 460-5000
jditelberg@seyfarth.com
bvetter@seyfarth.com

**Not admitted to practice in this Court*

*Counsel for Proposed Amici Curiae*

**CERTIFICATE OF COMPLIANCE**

This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and Fifth Cir. R. 32(b), this document contains 616 words according to the word count function of Microsoft Word.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook.

Dated: October 26, 2026

Respectfully,

*/s/Owen R. Wolfe*
Owen R. Wolfe

*Counsel for Proposed Amici Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that I e-filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system on October 26, 2026. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: October 26, 2026

*/s/Owen R. Wolfe*
Owen R. Wolfe

*Counsel for Proposed Amici Curiae*